**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION**

**DAVID W. PRIDGEON,**
    **Plaintiff,**

v.                                                **Case No: 5:05cv106/LAC/MD**

**REX WILLIFORD,**
    **Defendant.**

___

### REPORT AND RECOMMENDATION

    **Plaintiff, proceeding** *pro se* **and** *in forma pauperis* **(doc. 4), has filed a civil rights complaint pursuant to 42 U.S.C. §1983 (doc. 1).  Upon review of the complaint, the court concludes that plaintiff has not presented an actionable claim and that dismissal of this case is warranted.**

    Since plaintiff is proceeding *in forma pauperis,* the court may dismiss the case if satisfied that the action is "(i) frivolous or malicious;  (ii) fails to state a claim on which relief may be granted;  or (iii) seeks monetary relief against a defendant who is immune from such relief."   28 U.S.C.A. § 1915(e)(2)(B).  A complaint is frivolous under section 1915(d) "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1833, 104 L.Ed.2d 338 (1989).  Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," *Id.* at 327, 109 S.Ct. at 1833, or when the claims rely on factual allegations that are "clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 31, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992).  Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997).  The allegations of the complaint are taken as true and construed in the light most favorable to the plaintiff. *Davis v. Monroe County Bd. Of Educ.,* 120 F.3d 1390, 1393 (11th Cir. 1997). The

complaint may be dismissed only if it appears beyond doubt that plaintiff can prove no set of facts that would entitle him to relief. *Brown v. Budget Rent-A-Car Systems, Inc.*, 119 F.3d 922, 923 (11th Cir. 1997). Upon review of plaintiff's complaint, the court concludes that it does not present an actionable claim.

Plaintiff is a state inmate currently incarcerated at Apalachee Correctional Institution ("ACI"). Named as the sole defendant in this action is Rex Williford, a correctional sergeant at ACI. Defendant is sued in his individual capacity. Plaintiff alleges that on August 2, 2004 he notified security staff that personal property was missing from his bunk. In response, defendant Williford allegedly made the following announcement to members of plaintiff's dormitory:

> We ain't had no damn thieving in here in a while, but Pridgeon got his lock stolen last night, and when I find out who done it, I'm gonna put your ass out there so the victim can take your ass to the corner (*i.e.*, blind spot to the officer station), and take care of it, and I ain't seen shit.

(Doc. 1, p. 7). According to plaintiff, defendant Williford immediately left the dormitory after making this announcement. Plaintiff complains that approximately four hours later, Inmate Nunez hit plaintiff in the nose "with some object, thus causing perman[e]nt injury to his sinus cavity." Claiming violation of his rights under the Eighth Amendment, plaintiff seeks to hold defendant Williford liable for the assault on the grounds that Williford's announcement and departure, unaccompanied by preventive measures to protect plaintiff, constituted deliberate indifference to plaintiff's safety. (*Id.*, pp. 7-7A). As relief, plaintiff seeks $100,000.00 in punitive damages, unspecified compensatory damages and defendant Williford's demotion.

In any section 1983 action, the initial inquiry must focus on whether two essential elements are present:

1. whether the conduct complained of was committed by a person acting under color of state law; and

2. whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or laws of the United States.

*Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 1912, 68 L.Ed.2d 420, 428 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986); *Duke v. Cleland*, 5 F.3d 1399, 1403 (11th Cir. 1993) (citing *Parratt*).

Prison officials have a duty to protect prisoners from violence at the hands of other prisoners.  *Farmer v. Brennan*, 511 U.S. 825, 833, 114 S.Ct. 1970, 1976, 128 L.Ed.2d 811 (1994) (citations omitted).  However, not every injury suffered by one prisoner at the hands of another translates into constitutional liability for the prison officials responsible for the victim's safety.  *Id.*, 511 U.S. at 834, 114 S.Ct. at 1977.  To state a claim under the Eighth Amendment, a plaintiff must establish "(1) a substantial risk of serious harm; (2) the defendants' deliberate indifference to that risk; and (3) causation."  *Hale v. Tallapoosa County*, 50 F.3d 1579, 1582 (11th Cir. 1995).

To be deliberately indifferent for failing to prevent an attack from another inmate, a correctional official must be found to have known and recklessly disregarded "an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  *Id.*, 511 U.S. at 837, 114 S.Ct. at 1979.  Whether an officer was aware of a risk of serious harm may be deduced from circumstantial evidence such as the obviousness of the situation confronting the officer.  *Id.*, 511 U.S. at 841, 114 S.Ct. at 1981.  The risk of attack must have been substantial, beyond mere possibility.  *Brown v. Hughes*, 894 F.2d 1533, 1537 (11th Cir.) (per curiam), *cert. denied*, 496 U.S. 928 (1990); *Estate of Davis v. Johnson*, 745 F.2d 1066, 1071 (7th Cir. 1984) (liability arises only where a defendant unreasonably ignores a strong likelihood rather than a mere possibility that violence will occur).  Absent special circumstances, general hostilities exhibited by prisoners do not alone amount to a "substantial risk of serious harm."  *See id.*, 894 F.2d at 1537 (finding defendants who were informed of "racial problem" in victim's cell not liable).

When officials become aware of threats to an inmate's health and safety, the Eighth Amendment proscription against cruel and unusual punishment imposes a duty to provide reasonable protection.  *Marsh v. Butler County, Alabama*, 268 F.3d

1014, 1027 (11th Cir. 2001) ("[O]fficials, to be liable, must be aware of a substantial risk of serious harm to the inmates and not take reasonable measures to alleviate that risk."). However, while an officer has an affirmative duty to prevent another from violating an individual's constitutional rights, the officer must have a realistic opportunity to prevent the illegal conduct. *See Ensley v. Soper*, 142 F.3d 1402, 1407-08 (11th Cir. 1998); *Byrd v. Clark*, 783 F.2d 1002, 1007 (11th Cir. 1986); *Yang v. Hardin,* 37 F.3d 282, 285 (7th Cir. 1994). Moreover, a merely negligent failure to protect an inmate does not state a claim under § 1983. *Davidson v. Cannon*, 474 U.S. 344, 347-48, 106 S.Ct. 668, 670, 88 L.Ed.2d 677 (1986).

In the instant case, assuming the truth of plaintiff's allegations the complaint fails to establish deliberate indifference on the part of defendant Williford. A large part of plaintiff's complaint is dedicated to establishing causation. Plaintiff argues that Williford's announcement instigated the attack because it exposed plaintiff as a snitch or, alternatively, because it triggered Inmate Nunez's "self preservational instinct" or, alternatively, because it sent the message that violence under Williford's watch would be tolerated."[1] However, even assuming plaintiff's complaint establishes the first and third elements articulated in *Hale, supra*, plaintiff's complaint lacks evidence of the essential element of deliberate indifference -- that defendant Williford was subjectively aware of facts from which he could infer that his actions created a substantial risk of serious harm to plaintiff, and that Williford drew that inference. *Carter v. Galloway*, 352 F.3d 1346, 1349 (11th Cir. 2003) ("Even assuming the existence of a serious risk of harm and legal causation, the prison official must be aware of specific facts from which an inference could be drawn that a substantial risk of serious harm exists -- and the prison official must also 'draw

---

[1] Specifically, plaintiff claims that defendant Williford "fail[ed] to uphold his sworn duty as a peace officer when he arbitrarily made physical violence legal by promising to turn a blind eye as stated," (doc. 1, p. 7); that Williford's announcement instigated the assault because Inmate Nunez "was under a strong impression that plaintiff 'snitched' on him, therefore taking vengance [sic] in his hands," (*id*.); that Inmate Nunez "acted out of sheer self preservational instinct when he attacked plaintiff, so as to avoid plaintiff first assaulting him," (*id*., p. 7A); that Williford "exposed plaintiff as 'a snitch' to the entire dorm, and then withdrew his police power over the dorm by promising to turn a blind eye to any resulting violence, . . . [thereby] creat[ing] a substantial risk to the entire dorm," (*id*.); and that Williford was aware that he was creating a substantial risk of harm to the entire dormitory when he made his announcement and then left without removing plaintiff from the dormitory, (*id*.).

Case No: 5:05cv106/LAC/MD

that inference.'") (quoting *Farmer,* 511 U.S. at 837, 114 S.Ct. at 1979).  Plaintiff's speculation as to Inmate Nunez's motivation for attacking him is of little use to establishing deliberate indifference unless plaintiff shows that Williford knew his announcement would have such an effect.  Plaintiff's allegations do not show such knowledge, nor do they show circumstances so obvious as to establish, by deduction, Williford's knowledge of a substantial risk of serious harm to plaintiff.

Furthermore, plaintiff's conclusory statement that Williford knew his announcement created a substantial risk of serious harm because Williford knew he was exposing plaintiff as "a snitch," is devoid of factual support.  For example, plaintiff's allegations fail to suggest that plaintiff made his theft report in confidence to staff and that this was known to Williford, or that Williford knew that those inmates who reported missing personal property to staff were considered by other inmates to be "snitches" and targeted for assaults.  Plaintiff provides no evidence that defendant Williford was aware that his announcement created any risk of harm to plaintiff's safety, much less a substantial risk.

Plaintiff also generally contends that when a correctional officer charged with maintaining security makes an announcement condoning violence and then immediately leaves the area, it is obvious that violence will result.  However, the allegations of the complaint establish that that is not what occurred in this case.  Defendant Williford did not announce that he would turn a blind eye to violence in general, or to violence against plaintiff in particular.  Rather, Williford specifically stated that he would turn a blind eye only to violence <u>by plaintiff against the thieving inmate</u>.  Thus, even liberally construing plaintiff's complaint, plaintiff cannot show that Williford knew he was creating a substantial risk of serious harm to <u>plaintiff's</u> safety when he warned inmates that he would expose, and allow retribution against, the thief.

Finally, at the close of the complaint plaintiff makes reference to having requested removal from the dormitory.  However, in the context of an inmate assault, before a prison official's awareness of an inmate request or complaint can rise to a sufficient level of culpability there must be an accompanying awareness of a

*Case No: 5:05cv106/LAC/MD*

particularized threat or fear felt by the inmate.  *See, e.g., Carter*, 352 F.3d at 1349-50 (Inmate failed to establish deliberate indifference based on prison officials' failure to protect him from attack by cellmate; although inmate told officials that cellmate acted crazy, roamed his cell like a "caged animal," wanted to fake a hanging and stated that inmate would help in the fake hanging "one way or another," inmate did not make prison officials aware of a particularized threat or fear felt by him in regard to rooming with the cellmate.).  In light of plaintiff's failure to establish that Williford was subjectively aware of a substantial risk of serious harm to plaintiff's safety, plaintiff's allegation that Williford "failed to respond to this risk by failing to remove plaintiff from the dormitory, which would have served as preventive relief from this intolerable risk to his safety," (doc. 1, p. 7A), is insufficient to establish deliberate indifference.  A defendant cannot be held liable for failing to take reasonable measures to alleviate a risk of which he was not aware.

Accordingly it is respectfully RECOMMENDED:

That this cause of action be DISMISSED with prejudice under 28 U.S.C. § 1915(e)(2)(B)(ii), and the clerk be directed to close the file.

At Pensacola, Florida this 5th day of July, 2005.

/s/ *Miles Davis*
MILES DAVIS
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof.  A copy of objections shall be served upon all other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).**

*Case No: 5:05cv106/LAC/MD*